# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:16-cr-00115-1** |
| | ) | **JUDGE CRENSHAW** |
| **ROMELL OQUIN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion for Early Termination of Supervised Release. (Doc. No. 4.) He is currently on supervised release after pleading guilty to conspiracy to distribute five kilograms or more of cocaine, fifty grams or more of crack cocaine, and marijuana. (Doc. No. 2-3.) The sentencing judge in the United States District Court for the Eastern District of Wisconsin sentenced Defendant to serve seventy months in the Bureau of Prisons, followed by five years on supervised release. (Id.) On February 3, 2016, Defendant's supervision was informally transferred to this District. (Doc. No. 7 at 2.) The Court accepted supervision over Defendant's supervised release on May 26, 2016. (Doc. No. 1.)

"The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]" 18 U.S.C. § 3583(e)(1).

The Court commends Defendant for doing well on his supervised release. The Court has considered all the factors listed in § 3583(e)(1), and the interest of justice does not warrant ending

the term of supervised release at this time. Defendant has a significant criminal history of drug crimes, such as the one he is serving his sentence under here. 18 U.S.C. § 3553(a)(1). Further supervision can help provide Defendant with needed correctional treatment in the most effective manner. § 3553(a)(2)(D). Defendant's sentence of seventy months incarcerated was well below the bottom of the Guideline Range of 188-235 months imprisonment. § 3553(a)(4). Further, his supervised release was the statutory minimum of five years-to-life. Id. The remaining statutory factors under § 3553 do not weigh heavily on the Court's consideration.

While the Court finds that the conduct of Defendant on supervised release does weigh in favor of terminating his release, and especially looks favorably on his employment, § 3583(e)(1), this alone does not outweigh other factors discussed above. Modifications to Defendant's terms of supervised release may be appropriate to allow his employment to continue, but that is not before the Court at this moment. The Court encourages Defendant to discuss with his probation officer the options available to allow him to participate in his family business.

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release (Doc. No. 4) is **DENIED**. The Government's Motion to Substitute Attorney (Doc. No. 5) is **GRANTED**.

IT IS SO ORDERED.


_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE